[Cite as *In re Estate of DePalma*, 2017-Ohio-397.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| | | No. 16AP-619 |
| The Estate of Joyce M. DePalma, | : | (Prob. No. 555851) |
| (E. Maria DePalma, | : | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on February 2, 2017

**On brief:** *E. Maria DePalma*, pro se. **Argued:** *E. Maria DePalma.*

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

HORTON, J.

{¶ 1} E. Maria DePalma appeals the decision of the Franklin County Court of Common Pleas, Probate Division ("probate court"), overruling her motion to remove John DePalma as the executor of the estate of her mother, Joyce M. DePalma. For the reasons set forth below, we affirm.

{¶ 2} Joyce M. DePalma ("Joyce") had three children: E. Maria DePalma ("Maria"), Robert N. DePalma, and John DePalma ("John"). Joyce executed a pour over will on August 12, 2004 ("2004 Will") that named John as executor and left her residuary estate to a family trust, with equal distribution of the assets among her three children.

{¶ 3} Joyce signed another will on October 18, 2007 ("2007 Will"), that appointed Maria as executor, left the entirety of the estate to Maria, and disinherited Robert and John.

{¶ 4} Joyce died on July 18, 2012, and Maria filed the 2007 Will with the probate court on August 20, 2012. John filed a complaint to contest the 2007 Will on

January 15, 2013. The case was tried before a jury and the 2007 Will was determined not to be Joyce's last will and testament. No party appealed the probate court's entry confirming the jury verdict.

{¶ 5} John filed the 2004 Will with the probate court on April 4, 2016, and he was appointed the executor of Joyce's estate. The same day, Maria filed a motion to remove John as the executor and fiduciary. A magistrate held a hearing on the motion on May 9, 2016. John and Maria both provided testimony at the hearing.

{¶ 6} The magistrate filed a decision on May 18, 2016, that contained findings of fact and conclusions of law. Although Maria's motion had cited R.C. 5808.03 and 5808.04 in her motion, the magistrate noted that those provisions applied to trusts, not wills, and accordingly analyzed the motion under R.C. 2109.24. That provision allows for the removal of a fiduciary for failing to file an inventory or accounting of an estate, or "for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law." R.C. 2109.24.

{¶ 7} The magistrate noted that Maria had filed the motion the same day as John's appointment. No time had passed during which John might have committed errors in the estate's administration or failed to file its inventory or accounting. Maria's only evidence to support her motion was her opinion testimony asserting that John wanted "to harm her" and that he would fail to be impartial as executor. (May 18, 2016 Mag. Decision and Scheduling Order at 7.) The magistrate rejected this testimony as evidence to support John's removal for cause under R.C. 2109.24 and overruled her motion.

{¶ 8} Maria filed objections, but failed to file a transcript or affidavit to dispute any findings of fact made by the magistrate. Accordingly, the probate court accepted the magistrate's findings of facts as unchallenged. The probate court also found that the magistrate had properly overruled the motion to remove John as executor because no evidence supported his removal under the R.C. 2109.24 factors, and therefore entered a judgment overruling Maria's objections. (Aug. 19, 2016 Jgmt. Entry at 6-7.)

{¶ 9} Maria filed a timely notice of appeal from the judgment of the probate court. (Aug. 31, 2016 Notice of Appeal.)

{¶ 10}  A probate court's decision to deny the removal of an estate's fiduciary is a final appealable order over which this court has jurisdiction. *See In re Estate of Ober*, 155 Ohio St. 279 (1951) (reversing the decision of a probate court denying the removal of an estate's administrator); *In re Estate of Nardiello*, 10th Dist. No. 01AP-281 (Oct. 30, 2001) (interpreting *Ober* as an indication "that the Ohio Supreme Court considers such orders appealable" and holding that orders of the probate court removing fiduciaries are final appealable orders). We review such orders under an abuse of discretion standard. *Ober* at 282-83.

{¶ 11} Maria's sole assignment of error, however, simply quotes 28 U.S.C. 455, the federal statute governing the disqualification of federal judges and magistrates. The statute applies only to a "justice, judge, or magistrate [magistrate judge] of the United States," not judicial officers of the State of Ohio. 28 U.S.C. 455(a). Even in a federal forum, 28 U.S.C. 455 provides no authority for a party to challenge the actions of a state court judge. *Davis v. Jones*, 506 F.3d 1325, 1332 (11th Cir.2007) (noting that "the federal recusal statute * * * [does] not govern state judges"); *Lawerenz v. Wisconsin*, E.D.Wis. No. 97-C-781 (Oct. 31, 1997) (observing that 28 U.S.C. 455 "has no application to a state court judge").

{¶ 12} Furthermore, this court is without jurisdiction to hear a complaint of judicial bias against a judge of the probate court. *See* Ohio Constitution, Article IV, Section 5(C) ("The chief justice of the supreme court * * * shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof"). A party who believes that a judge or magistrate of the probate court is biased must file an affidavit of disqualification with the Supreme Court of Ohio. R.C. 2101.39 ("If a probate judge allegedly has a bias or prejudice for or against a party * * * any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court."). For these reasons, the assignment of error fails to identify or reference in the record any alleged error by the probate court, as it must for this court to make a determination on the merits of the appeal. App.R. 16(A)(3) and 12(A)(1)(b).

{¶ 13} To the extent that Maria's brief addresses the final appealable order on which this appeal is based, it provides no grounds for reversing the probate court's

decision to overrule the motion to remove John as executor. Although Maria quotes the statute governing the removal of a fiduciary, R.C. 2109.24, she addresses none of the points made by the court when it overruled her motion. Maria asserts only that John has "done nothing but try to hurt" her, but cites to no portion of the record or any evidence to support this assertion. (Appellant's Brief at 10.) The remainder of her arguments criticize the probate court's treatment of her and level accusations of bias that this court is without jurisdiction to address. In short, there is no indication in the record that the probate court abused its discretion when it overruled Maria's motion to remove John as the executor of their mother's estate. Accordingly, the sole assignment of error is overruled and the judgment of the probate court is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____